UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HORACE HILL, JR.,

          Plaintiff,

   v.

ANNA MICHELLE JOY,

          Defendant.

CASE NO. 3:23-cv-5924-JNW-GJL

REPORT AND RECOMMENDATION

Noting Date: December 1, 2023

## I.    INTRODUCTION

The District Court has referred this 42 U.S.C. § 1983 prisoner civil rights action to United States Magistrate Judge Grady J. Leupold. Plaintiff Horace Hill, Jr., proceeding *pro se*, is currently confined as a pretrial detainee at the Clark County Jail in Vancouver, Washington. Plaintiff has submitted to this Court for filing: (1) a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1); and (2) a proposed § 1983 Complaint (Dkt. 1-1). Plaintiff's proposed Complaint alleges violations of Washington state law against the prosecutor in his pending state criminal case. *See* Dkt. 1-1.

The Court, having reviewed Plaintiff's submissions and the balance of the record, concludes Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's proposed Complaint (Dkt. 1-1) and this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1). The Court further recommends that Plaintiff's IFP Motion (Dkt. 1) be **DENIED as moot**.

## II.   BACKGROUND

In the proposed Complaint, Plaintiff has identified Clark County Deputy Prosecuting Attorney Anna Michelle Joy ("Joy") as the sole Defendant. Dkt. 1-1 at 3. In his three claims set forth against Joy, Plaintiff alleges violations of Washington state law: (1) Selective Enforcement; (2) Prosecutorial Vindictiveness; and (3) Criminal Conspiracy. *Id*. at 4–8.

Plaintiff identifies three causes of action against Joy arising out of the allegations set forth below. In the first cause of action, Plaintiff alleges that Joy engaged in selective enforcement when she did not provide him with the time and date of a hearing concerning a temporary No Contact Order. *Id.* at 4–5. While the allegations in the proposed Complaint are unclear, it appears that Plaintiff is contending that Joy intentionally failed to provide him with the information concerning the hearing to ensure that he could not defend himself. *Id.* at 5. In addition, Plaintiff claims that Joy relied on a "lying" witness to prosecute Plaintiff. *Id.* As a result of being held in custody, Plaintiff states that he has lost everything he owns, and he could potentially lose custody of his children. *Id.*

In Plaintiff's second cause of action, he alleges Joy engaged in prosecutorial vindictiveness. *Id.* at 6. On September 15, 2023, Plaintiff called his attorney, Louis Byrd, Jr., to receive an update on his case. *Id.* Byrd told him that the prosecution was seeking to add some new charges against Plaintiff if he did not accept the proposed plea deal. *Id.* The plea deal

stipulated that Plaintiff would serve 25-29 months in prison. *Id.* Plaintiff rejected the plea deal, and he claims that Joy sought to add seven additional felony charges after he filed grievances against his attorney and the presiding judge. *Id.* at 6–7.

And Plaintiff's third cause of action against Joy alleges a criminal conspiracy. *Id.* at 7. Although this allegation is somewhat difficult to decipher, Plaintiff ostensibly alleges that his first attorney, Josephine Townsend, did not voluntarily remove herself from representation after she spoke with the presiding judge and Joy without his consent. *Id.* at 7–8. Plaintiff broadly claims that Townsend's unauthorized conversation with the judge and Joy violated his right to confidentiality.[1] *Id.* at 8. In response to the Plaintiff's demand to discover the nature of this discussion, the presiding judge failed to provide any further insight into the interaction but did appoint Plaintiff a new attorney. *Id.*

As relief, Plaintiff requests the Court remove the No Contact Order entered against him by the state court, compensatory damages in the amount of $986,660, and release from pretrial detention.

### III.   DISCUSSION

A.   **Legal Standards**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

---

[1] To the extent that Plaintiff seeks to raise a claim against Townsend, he fails. The United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson,* 454 U.S. 312, 318 (1981). While unclear, it appears that Plaintiff alleges that Townsend violated his right to confidentiality when she spoke with the presiding judge and Joy. *See* Dkt. 1-1 at 8. As Townsend is not a state actor and, therefore, cannot be liable under § 1983, Plaintiff has failed to state a claim against her.

complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

REPORT AND RECOMMENDATION - 4

**B.    Analysis**

The Court first observes Plaintiff's alleged § 1983 claims are asserted against Clark County Prosecuting Attorney Joy. *See generally* Dkt. 1-1. The United States Supreme Court has held that, in light of common law immunity law principles, persons who perform official functions in the judicial process are absolutely immune from liability for damages under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334–36 (1983). Prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

It is clear from Plaintiff's proposed Complaint that he is essentially challenging charging decisions made by Joy. *See* Dkt. 1-1 at 4–8. Such charging decisions are made within the scope of her official responsibilities and duties as prosecutor. As such, Joy is entitled to absolute immunity with respect to such claims.

Moreover, even if Plaintiff could assert a viable § 1983 claim against proposed Defendant Joy, Plaintiff's case is also inappropriate in federal court under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or

some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, from a liberal reading of the proposed Complaint, Plaintiff is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43–44. Third, Plaintiff has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Plaintiff raises claims that would effectively enjoin the ongoing state judicial proceeding. As the *Younger* abstention applies to Plaintiff's claims, those claims are not cognizable in this § 1983 proceeding.

Where a *pro se* litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court may however deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Because the claims identified by Plaintiff in his proposed Complaint are barred by prosecutorial immunity and otherwise are inappropriate in federal court under the *Younger* abstention doctrine, this Court recommends Plaintiff's § 1983 action be dismissed without leave to amend.

### IV.    CONCLUSION

Based on the foregoing, the Court recommends: (1) Plaintiff's proposed Complaint (Dkt. 1-1), and this action, be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a viable claim for relief under § 1983; and (2) Plaintiff's Motion for Leave to Proceed IFP (Dkt. 1) be **DENIED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 1, 2023**, as noted in the caption.

Dated this 13th day of November, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7