1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HORACE HILL, JR., <br><br> Plaintiff, <br><br> v. <br><br> ANNA MICHELLE JOY, <br><br> Defendant. | CASE NO. 3:23-cv-5924 <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

On November 13, 2023, the Honorable Grady J. Leupold, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), recommending the Court dismiss Plaintiff's case without prejudice for failure to state a viable claim for relief under § 1983. Dkt. No. 5.

The Court reviews de novo only the findings and recommendation that are properly objected to. Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the Report and Recommendation under Fed. R. Civ. P. 72(b)(2). General objections, on the other hand, do not trigger the Court's de novo review. *See Brandon v. Dep't of Corr.*, No. C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021) ("[A] general objection has the same

effect as no objection at all, since it does not focus the Court's attention on any specific issue for review."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report.").

Here, Plaintiff submitted a letter to the Court two days after the deadline for written objections. *See* Dkt. No. 6. Despite the late filing, the Court reviewed the letter. The Court liberally construes this document as a general objection to the entirety of Judge Leupold's Report and Recommendation. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"). But the letter does not constitute a proper objection because Plaintiff neither addresses the substance of Judge Leupold's Report and Recommendation, nor does he object to any specific finding of fact or conclusion of law. The general nature of Plaintiff's filing does not place any specific issues before the Court for review, which is the same as failing to object altogether. Thus, the Court finds that neither party properly objected to Judge Leupold's Report and Recommendation.

Because there were no proper objections, the Court may adopt the R&R if it is satisfied there are no clear errors on the face of the record. Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment. The Court agrees with Judge Leupold's reasoning that dismissal without prejudice is warranted given that Plaintiff has not alleged any facts demonstrating that extraordinary circumstances justify the Court's intervention in his state court criminal proceeding.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

Based on its review of the R&R and the remaining record, the Court finds and ORDERS:

1. The Court ADOPTS the R&R (Dkt. No. 5).
2. Plaintiff's proposed Complaint (Dkt. No. 1-1) is DISMISSED without prejudice, and Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 1) is DENIED as moot.
3. The Clerk is directed to send copies of this Order to the parties and to Judge Leupold.

Dated this 13th day of December, 2023.

                                                Jamal N. Whitehead
                                                United States District Judge